UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------x
MELVIN THOMPSON,                    :
                                    :
         Plaintiff,                 :
v.                                  :   Civ No. 3:11CV00069(AWT)
                                    :
ACCENT CAPITAL, TERRENCE RIORDAN,   :
BARCLAYS CAPITAL REAL ESTATE dba    :
HOMEQ, NEW CENTURY MORTGAGE CORP., :
DEUTSCHE BANK, OCWEN LOAN           :
SERVICING, LLC, and MORGAN STANLEY,:
                                    :
         Defendants.                :
------------------------------------x

## RULING ON PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND DEFENDANTS' MOTION TO DISMISS COMPLAINT

The pro se plaintiff, Melvin Thompson ("Thompson"), brought this action in Connecticut Superior Court against defendants Accent Capital ("Accent"), Terrence Riordan ("Riordan"), Barclays Capital Real Estate dba Homeq ("Barclays"), New Century Mortgage ("New Century"), Deutsche Bank ("Deutsche"), Ocwen Loan Servicing, LLC ("Ocwen") and Morgan Stanley. Defendants Deutsche, Ocwen and Morgan Stanley removed this case to federal court pursuant to 28 U.S.C. §§ 1332 and 1446, based on diversity jurisdiction. (See Notice of Removal (Doc. No. 1).) Thompson has filed a motion for remand. In addition, defendants Deutsch, Ocwen and Morgan Stanley have moved to dismiss the complaint with respect to all counts against them, i.e., Counts Eighteen to Twenty-Five. For the reasons set forth below, the Plaintiff's Motion to Remand to State Court (Doc. No. 14) is being denied and

the Motion to Dismiss Complaint (Doc. No. 12) is being granted. The case is being dismissed as to all defendants, but the plaintiff is granted leave to replead, within 30 days, any claim he may have against Accent and Riordan for breach of the implied covenant of good faith and fair dealing.

I.  **MOTION FOR REMAND TO STATE COURT**

Thompson contends, <u>inter alia</u>, that complete diversity of citizenship does not exist and that the removal of the case was fraudulent.  Defendants Deutsche, Ocwen and Morgan Stanley contend that the requirements of diversity jurisdiction have been met because Accent and Riordan, the two defendants who are citizens of Connecticut, were fraudulently joined.  The court agrees.

"The federal removal statute allows a defendant to remove an action to the United States District Court in any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . . The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between ... [inter alia] citizens of different States." <u>Bounds v. Pine Belt Mental Health Care Resources</u>, 593 F.3d 209, 215 (2d Cir. 2010)(internal quotation marks omitted; citations omitted).

"To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met. . . . Complete diversity of citizenship of the parties is required, since an action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. . . .  In other words: When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." Id. (internal quotation marks omitted; citations omitted).

"The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction.  Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court. . . .  The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff."  Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004).  "Joinder will be considered fraudulent when it is established that there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they

exist when the petition to remand is heard." Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984)(internal quotation marks omitted). See also Whitaker v. American Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001).

In the present case, it is uncontested that complete diversity exists with the exception of the two Connecticut citizens, Accent and Riordan. The Complaint sets forth claims for fraud, violations of CUTPA, breach of the implied covenant of good faith and fair dealing, and misrepresentation against Accent and Riordan. Defendants Deutsche, Ocwen and Morgan Stanley contend, inter alia, that the claims against Accent and Riordan are time barred and/or legally insufficient. They argue that (i) the CUTPA claims are barred by a three year statute of limitations pursuant to Conn. Gen. Stat. § 42-110g(f); (ii) all tort claims are barred by a three year statute of limitations pursuant to Conn. Gen. Stat. § 52-577; and (iii) any contract claims are barred by a six year statute of limitations pursuant to Conn. Gen. Stat. § 52-576. Defendants Deutsche, Ocwen and Morgan Stanley assert that because Thompson's claims arise out of conduct in connection with a mortgage loan made in September 2003, his December 2010 lawsuit[1] against Accent and Riordan is

---

[1] In Connecticut state courts, service of process commences the lawsuit. See Conn. Gen. Stat. § 52-45a; Practice Book § 8-1. The Complaint is dated December 7, 2010, and it appears that the first defendant was served on or about December 17, 2010.

well beyond the limitations period.  Although, Thompson did not file a reply brief in response to the defendants' opposition to the motion to remand, Thompson contends in his opposition papers to their motion to dismiss that the statute of limitations is tolled because of fraudulent concealment, pursuant to Conn. Gen. Stat. § 52-595.  Thompson alleges that he was not aware of the fraud until November 2007 and was able to verify the fraud in January 2008[2] (see Complaint ¶ 74), and therefore, his action was brought well within the limitations period.

Conn. Gen. Stat. § 52-595 provides that "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."  The Connecticut Supreme Court has stated that "to prove fraudulent concealment, the [plaintiff] would have been required to show that [the defendant]: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) intentionally concealed these facts from the plaintiffs; and (3) concealed the facts for the purpose of obtaining delay on the

---

[2]The court notes that in the plaintiff's moving papers he references discovering the fraud in November 2008.  The court accepts the November 2007 date in the Complaint as the correct date, particularly since he verified the fraud in January 2008.

plaintiffs' part in filing a complaint on their cause of action." Falls Church Group, Ltd. v. Tyler, Cooper & Alcorn, LLP, 281 Conn. 84, 105 (2007).  In addition, the plaintiff bears the burden of pleading sufficient facts showing that the limitations period should be tolled and must meet the heightened pleading standard under Rule 9(b).  "Rule 9(b) requires that [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004)(internal quotation marks omitted).  Rule 9(b) "require[s] that a complaint (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Id. (internal quotation marks omitted).

   In or about August or September 2003, a mortgage loan was made to Thompson.  In or about April 2006, Thompson filed suit in this court with respect to the mortgage debt, asserting a claim for fraud.  The case was settled in August 2006, and then, after the filing of a motion to reopen, settled again in March 2007.  Thompson brought this suit in state court in December 2010, once again claiming fraud in connection with the mortgage debt.

   The Complaint contains various allegations of fraud and concealment against Accent and Riordan.  Specifically, the Complaint alleges, inter alia, that Accent acting through Riordan

misrepresented and concealed material facts from the plaintiff and thus induced the plaintiff to believe that he was approved for a mortgage loan in the amount of $140,000 when in fact the mortgage loan in the amount of $140,000 was based on fraudulent information as to the plaintiff's income and employment, which was provided by Accent acting through Riordan to the mortgage lender. (See Complaint (Doc. No. 1) ¶¶ 1-65.)  However, the Complaint fails to allege what information Thompson lacked that resulted in him not bringing his claim sooner, for example, when Thompson brought suit in 2006 based on the same transaction.

In addition, Thompson alleges that he discovered the fraud at the earliest in November 2007.  "Equitable tolling requires a party to pass with reasonable diligence th[r]ough the period it seeks to have tolled." Iavorski v. U.S. I.N.S., 232 F.3d 124, 134 (2d Cir. 2000).  "In a situation where fraud or concealment of the existence of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation." Id.  The court takes judicial notice of the fact that in a related lawsuit,[3] the plaintiff alleges that he obtained the mortgage file in 2005 in connection with a settlement with Accent and

---

[3] Thompson v. Barclays Capital Real Estate Inc. dba Barclays Homeq Servicing, et al., 3:10cv00317(AWT).

Riordan of a lawsuit he brought to recover commissions owed and he neglected to review the mortgage file until 2007. (See Amended Complaint (Doc. No. 33 in Case No. 3:10cv317(AWT)) ¶ 63-66.) Based on these allegations, the earliest that the plaintiff should have discovered the fraud is when he obtained the mortgage file in 2005. Consequently, Thompson's December 2010 complaint is barred by the three year statute of limitations for CUTPA and tort claims whether one uses the date by which he should have discovered the fraud, i.e., 2005, or the date he actually discovered the fraud, i.e., November 2007.

With respect to the claim for breach of the implied covenant of good faith and fair dealing against Accent and Riordan (Counts Three and Seven),[4] Thompson alleges a breach of the "implied agreement" between Accent, Riordan and Thompson to "treat the plaintiff fairly and with truthfulness regarding his mortgage process and application." (Complaint ¶¶ 25,57.) "[T]he existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." Hoskins v. Titan Value Equities Group, Inc., 252 Conn. 789, 793 (2000). "Under Connecticut law, an action for breach of the covenant of good faith and fair dealing requires

---

[4]The court notes that because the statute of limitations for these claims is six years, it appears the claims were brought within the six year limitations period, whether the period started running in 2005 or in November 2007.

-8-

proof of three elements: (1) that the plaintiff and defendants were parties to a contract under which the plaintiff expected to receive certain benefits; (2) that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and (3) that [the] defendant was acting in bad faith." Travelers Property & Cas. Ins. Co. v. Triton Marine Const. Corp., 473 F. Supp. 2d 321, 330 (2007). See also De La Concha of Hartford, Inc. v. Aetna Life Ins. Co., 269 Conn. 424, 433 (2005). The only contract alleged with respect to the counts against Accent and Riordan is the mortgage loan contract between Thompson and New Century. The Complaint does not allege an actual contract among Accent, Riordan and the plaintiff, simply that Thompson failed to receive a benefit in accordance with an implied covenant. Based on the allegations in the Complaint, the plaintiff could be claiming breach of an implied covenant (i) arising out of the mortgage loan contract, which claim would fail as a matter of law, or (ii) arising out of his employment contract with Accent that terminated in or about September 2003, which would be barred by the statute of limitations.[5] Therefore,

---

[5] The court takes judicial notice that in a related action, Thompson v. Barclays Capital Real Estate Inc. dba Barclays Homeq Servicing, et al., 3:10cv00317(AWT), the plaintiff brought identical clams against Accent and Riordan (see Complaint (Doc. No. 1 in 3:10cv317(AWT))), and alleged that he closed on the mortgage loan in September 2003 and left his employment with Accent soon after. (Id. at ¶ 67-68.) The claims against Accent and Riordan were later withdrawn when the plaintiff filed an Amended Complaint (Doc. No. 33 in 3:10cv317(AWT)).

the Complaint fails to state a claim against Accent and Riordan for breach of the implied covenant of good faith and fair dealing.

Consequently, from the pleadings, there is no possibility that Thompson could assert the claims against Accent and Riordan in state court. Defendants Deutsche, Ocwen and Morgan Stanley therefore have demonstrated that they properly removed this case pursuant to 28 U.S.C. §§ 1332 and 1446. In addition, the court sua sponte dismisses the complaint against Accent and Riordan on the grounds discussed above, but as discussed in Part III below, the plaintiff is granted leave to replead, within 30 days, any claim he may have against Accent and Riordan for breach of the implied covenant of good faith and fair dealing.

## II.   **MOTION TO DISMISS**

Defendants Deutsche, Ocwen and Morgan Stanley have moved to dismiss the claims against them (Counts Eighteen to Twenty-Five), inter alia, as barred by the statute of limitations. Thompson contends that the running of the limitations period was tolled due to fraudulent concealment.

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations,

a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.  "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States

v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Thompson alleges against all defendants other than Accent and Riordan an assortment of tort claims, i.e., negligence, defamation, misrepresentation and fraud, and/or CUTPA claims. The motion to dismiss is being granted because, for the reasons discussed above with respect to the motion to remand, the tort and CUTPA claims against defendants Deutsche, Ocwen and Morgan Stanley are time barred even if the limitations period did not begin to run until November 2007. In addition, because the issue

of fraudulent concealment also relates to non-appearing defendants Barclays and New Century, the court sua sponte dismisses the claims against them as time barred.  See Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994)(no error when district court sua sponte dismissed complaint against non-appearing party).

**III.  LEAVE TO REPLEAD**

The court is granting the pro se plaintiff leave to replead, within 30 days, with respect to any claim he may have against Accent and Riordan for breach of the implied covenant of good faith and fair dealing.[6]  "It is the usual practice upon granting a motion to dismiss to allow leave to replead."  Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).  See Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988)(discussing that party entitled to opportunity to respond to sua sponte dismissal).

However, granting leave to replead with respect to the CUTPA and tort claims is not warranted because any amendment would be

---

[6]The court notes that if the plaintiff successfully amends his complaint, the subsequent amended complaint would not defeat the court's jurisdiction.  See Allied Programs Corp., 592 F. Supp. at 1277("[O]nce a case has been properly removed, subsequent alteration in the parties to the action that revives a failure of diversity will only rarely serve to defeat the federal court's jurisdiction. [T]he general rule [is that] the plaintiff cannot act so as to divest a court of jurisdiction over a case that has been properly removed." (internal quotation marks omitted).).

futile in view of the fact that the claims are barred by the statute of limitations.  See, e.g., Caputo v. Pfizer, Inc., 267 F.3d 181, 192-93 (2d Cir. 2001)(court erred by denying leave to amend when replead would not be futile); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)(repleading of pro se complaint futile when better pleading would not cure substantive claim).

**IV.  CONCLUSION**

For the reasons set forth above, the Plaintiff's Motion for Remand to State Court (Doc. No. 14) is hereby DENIED, and the Motion to Dismiss (Doc. No. 12) is hereby GRANTED.  This case is dismissed with respect to all the defendants, but the plaintiff is granted leave to replead, within 30 days, any claim he may have against Accent and Riordan for breach of the implied covenant of good faith and fair dealing.

It is so ordered.

Dated this 18th day of August, 2011, at Hartford, Connecticut.

                                              /s/AWT
                                     Alvin W. Thompson
                             United States District Judge